UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. MEINEN and JESSIE MEINEN, | ) ) ) | CIV. 10-5077-JLV |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| GODFREY BRAKE SERVICE & SUPPLY, INC., | ) ) ) | |
| Defendant. | ) ) | |

Pending before the court are plaintiffs' motion for partial summary judgment and defendant's motion for summary judgment. (Dockets 28 & 36). The court referred the motions to United States Magistrate Judge Veronica L. Duffy for resolution. (Docket 56). On March 26, 2012, Magistrate Judge Duffy filed a report recommending the court deny plaintiffs' motion for partial summary judgment and grant defendant's motion for summary judgment. (Docket 60). Plaintiffs timely filed objections. (Docket 61). Defendant filed a response to plaintiffs' objections.[1] (Docket 62).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then

_____

[1]Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C). For the reasons stated below, plaintiffs' objections are granted in part and denied in part.  The report and recommendation of the magistrate judge is adopted in part, modified in part, and rejected in part as explained by this order.

## A.  MAGISTRATE JUDGE'S FINDINGS OF FACT

Plaintiffs' objections to the magistrate judge's findings of fact are summarized as:

1.  Whether defendant created a part-time position for Mr. Meinen.

2.  Whether the part-time position was a temporary or permanent position.

3.  Whether Mr. Meinen's pre-illness position was a full-time parts counter position.

4.  Whether Mr. Meinen's job performance was relevant to his termination from employment with defendant.

(Docket 61).  Plaintiffs do not object to the majority of the findings of fact which the magistrate judge found to be material and undisputed.  The court's resolution of plaintiffs' objections will reference only those facts necessary to provide context.  The court adopts all other facts not referenced in this order.  The court will address each of plaintiffs' factual objections separately.

2

1.   **WHETHER DEFENDANT CREATED A PART-TIME POSITION FOR MR. MEINEN**

Plaintiff Michael Meinen began his employment with Godfrey Brake Service & Supply, Inc., ("Godfrey Brake") in 2001. (Docket 60 at p. 2). In December of 2007, Mr. Meinen became ill while at work. Id. at p. 3. After work that day, his condition worsened and he was hospitalized. Id. Mr. Meinen was ultimately diagnosed with a form of multiple sclerosis ("MS"). Id.

Following physical therapy and vocational rehabilitation, Mr. Meinen was able to return to work with Godfrey Brake in October of 2008. Id. at pp. 3-4. Mr. Meinen presented Dan Godfrey[2] with a doctor's written orders that Mr. Meinen could work up to two hours per day, three days a week.[3] Id. at p. 4. Mr. Meinen filled a part-time position at the parts counter. Id.

Plaintiffs object that "[t]he Report accepts as *undisputed* fact that Dan Godfrey created two part-time positions at the parts counter to hold open a position for Mike Meinen when he returned to work after his illness."

---

[2]It is undisputed that Dan Godfrey and his brother, Robert Godfrey, were each 50 percent owners of Godfrey Brake at all times material to this litigation. (Docket 30-2 at p. 4 (deposition pp. 5:22-6:2)).

[3]Although plaintiffs provided no medical documentation to support their position, shortly after returning to work, Mr. Meinen met with Dan Godfrey and indicated he could not work more than four hours per day or twenty hours per week as he became fatigued after working more than four hours a day. (Docket 60 at p. 5 & n. 2).

(Docket 61 at p. 2) (emphasis in original) (citing the report and recommendation at p. 23) ("R&R").  Plaintiffs argue the evidence discloses in March of 2008, Robert Godfrey hired a former employee, Robert Nelson, to work part-time at the parts counter.  Id.

The magistrate judge found "Godfrey created and offered the part-time position to Mr. Meinen as a reasonable accommodation." (Docket 60 at p. 23).  The court finds this fact is accurate as stated.  The undisputed evidence is Godfrey Brake created two part-time positions when Robert Godfrey decided to rehire Mr. Nelson on a part-time basis in March of 2008.  The position was previously a full-time position but upon Mr. Nelson taking on a four-hour shift, that left a vacant part-time position–another four-hour shift at the parts counter.  This position remained unfilled until Mr. Meinen's return to work in October of 2008.  As an accommodation to Mr. Meinen's disability, Godfrey Brake offered him the second part-time position.

Plaintiffs' objection is overruled.

## 2. WHETHER THE PART-TIME POSITION WAS A TEMPORARY OR PERMANENT POSITION

Plaintiffs object to the magistrate judge's finding Mr. Meinen's position as a part-time employee was only temporary because Godfrey Brake believed he would be able to return to a full-time employment at some point.  (Docket 61 at p. 4).  Plaintiffs premise their argument on the fact neither Mr. Nelson

4

nor Mr. Meinen were told their positions were temporary.  Id.  Mr. Meinen's
post-deposition affidavit states that "[a]t no point in time did . . . Godfrey
Brake . . . ever tell me that the part-time position they gave me was a
temporary position." (Docket 43 at ¶ 1).  Mr. Nelson's post-deposition
affidavit makes the same declaration.  "When I was hired by Bob Godfrey to
work part-time, I was never told the position was temporary." (Docket 44 at
¶ 8).  Plaintiffs argue "[t]he length of time Nelson and Meinen held these
positions . . . weighs against any inference these were temporary positions.
Nelson worked in the parts-time [sic] position for just short of two years. . . .
Meinen worked in his part-time position for eighteen (18) months." (Docket
61 at p. 5).

    The court agrees with the magistrate judge's finding "Dan Godfrey
never told Mr. Meinen that the position was temporary–or for that matter
that it was permanent." (Docket 60 at p. 22).   The inference the position
was to be temporary is not supported by the evidence.  "The burden is on
Godfrey [Brake] to demonstrate that the accommodation requested would
impose an undue hardship on the operation of the business." (Docket 60 at
p. 38) (referencing Fjellestad v. Pizza Hut of America, Inc., 188 F.3d 944,
951 (8th Cir. 1999)).  "Godfrey [Brake] has not shown that continued
employment of Mr. Meinen on a part-time basis would have resulted in an
undue burden on Godfrey [Brake]." Id. "Therefore, this court cannot find

that Godfrey [Brake] has established that it would be an undue burden to continue employing Mr. Meinen part-time." Id.  The evidence considered in the light most favorable to Mr. Meinen for summary judgment purposes requires the court to find Mr. Meinen's parts counter position was a "permanent" part-time position.

Plaintiffs' objection is sustained and the report and recommendation is modified consistent with this order.

### 3.    WHETHER MR. MEINEN'S PRE-ILLNESS POSITION WAS A FULL-TIME PARTS COUNTER POSITION

The report and recommendation found "[p]rior to Mr. Meinen's illness, he was employed as a full-time employee at Godfrey's parts counter." (Docket 60 at p. 21).  Plaintiffs object to this finding arguing "[i]t is undisputed that Meinen was a full-time *route driver and parts person* prior to his illness. . . . Meinen did not previously work at the parts counter. . . . He was [sic] route driver and parts person prior to his illness."  (Docket 61 at p. 6) (emphasis in original).

Mr. Meinen described his job in this fashion:

Q.    And what position, then, were you hired into?

A.    Parts and route sales.

Q.    Okay.  And what duties were entailed with that?

A.    I worked the parts counter.  I worked the shop counter.  I did the route sales.  I drove the route truck; lots of sales, lots of customer -- just taking

> care of the customers, keeping them happy.
> Customer appreciation, or however you want to say
> it.
> . . .

Q.    And then how long did you work in that capacity as
      a driver, parts person, salesperson?

A.    Until December 29, 2007.

(Docket 30-4 at p. 4 (deposition at p. 7:7-25)).  This testimony is the only

explanation of Mr. Meinen's job description before he became ill in

December of 2007.  The court finds the report and recommendation

accurately states Mr. Meinen's job description prior to his illness.

Plaintiffs' objection is overruled.

**4.    WHETHER MR. MEINEN'S JOB PERFORMANCE WAS
        RELEVANT TO HIS TERMINATION FROM EMPLOYMENT
        WITH DEFENDANT**

Plaintiffs object to the report and recommendation discussing Mr.

Meinen's job performance.  (Docket 61 at p. 6).  The report and

recommendation discussed Mr. Meinen's job performance in the following

context:

> Neither was Godfrey [Brake] required to continue to provide Mr.
> Meinen with assistance from other employees in performing the
> essential functions of his job. . . . Mr. Meinen conceded that upon
> returning to work he had to ask other employees on occasion to
> assist him in the performance of his job[4]. . . . Kevin Vaughn, Mr.
> Meinen's supervisor, testified that Mr. Meinen required a lot of

_____

[4]Mr. Meinen acknowledged needing assistance from other employees
from time to time.  (Docket 30-4 at p. 13 (deposition at p. 43:7-16)).  But from
his perspective it was a routine occurrence, like every other employee might
ask for help.  Id.

> help from other people in the business, including looking up parts
> in part catalogs and finding parts in the building. . . . Mr. Vaughn
> testified that this took away from the other employees' abilities to
> accomplish their own responsibilities.

(Docket 60 p. 29) (internal citations omitted).

As Mr. Meinen's supervisor, Mr. Vaughn never conveyed his concerns to Mr. Meinen and never completed a performance evaluation of him. (Docket 30-3 at p. 5 (deposition at p. 14:6-25)).  Dan Godfrey was never aware Mr. Vaughn had any issues with Mr. Meinen's job performance. (Docket 30-2 at p. 12 (deposition at p.38:2-8)).  Mr. Godfrey had no issues with Mr. Meinen's job performance after he returned to work in October of 2008.  Id. (deposition at pp. 37:23-38:1).  For summary judgment purposes, the court finds Mr. Meinen's job performance was satisfactory and does not provide a basis for termination.

Plaintiffs' objection is sustained and the report and recommendation is modified consistent with this order.[5]

## B.    MAGISTRATE JUDGE'S CONCLUSIONS OF LAW

Plaintiffs' objections to the magistrate judge's conclusions of law and recommendations are summarized as:

1.    Whether defendant's explanation for converting to a
      full-time position was mere pretext for
      discrimination.

---

[5]Page 6 of the report and recommendation is likewise modified consistent with this order.

2.      Whether Mr. Meinen made a post-termination request for an accommodation which required defendant to participate in the interactive process regarding additional accommodations.

3.      Whether plaintiffs' conversion claim remains viable.

(Docket 61).  The court addresses each of plaintiffs' objections separately.

**1.      WHETHER DEFENDANT'S EXPLANATION FOR CONVERTING TO A FULL-TIME POSITION WAS MERE PRETEXT FOR DISCRIMINATION**

This objection is separated into two subparts.

**A.      WAS THE ACCOMMODATION TO MR. MEINEN (THE PART-TIME POSITION) AN UNDUE BURDEN TO THE EMPLOYER**

First, Godfrey Brake offers no evidence Mr. Meinen was unable to perform in the part-time parts counter position.  Fjellestad, 188 F.3d at 951.[6]  Godfrey Brake has not shown how an accommodation to Mr. Meinen to the nature and extent "assistance from other employees" had been provided to him created an undue hardship in the operation of the parts counter.  (Docket 60 at p. 29).  The burden of proof is on Godfrey Brake to show undue hardship.  "The burden is on Godfrey [Brake] to demonstrate that the accommodation requested would impose an undue hardship on the

_____

[6]There is a typographical error at page 14 of the report and recommendation for the citation of Fjellestad.  The report and recommendation is corrected consistent with this order.

operation of the business."  (Docket 60 at p. 38) (citing <u>Fjellestad</u>, 188 F.3d at 951).

The report and recommendation concluded

Godfrey [Brake] has not shown that continued employment of Mr. Meinen on a part-time basis would have resulted in an undue burden on Godfrey [Brake].  The court does not have sufficient facts before it to determine whether having other employees assist Mr. Meinen in the performance of his job amounted to an undue burden. . . . this court cannot find that Godfrey [Brake] has established that it would be an undue burden to continue employing Mr. Meinen part-time.

(Docket 60 at p. 38).  The court adopts this conclusion.  <u>Fjellestad</u>, 188 F.3d at 951.

### B.   WAS THE EMPLOYER'S MOVE TO A FULL-TIME POSITION PRETEXTUAL

Dan Godfrey testified he made the decision to terminate two part-time positions, including Mr. Meinen's position, because it was cost-efficient. (Docket 60 at p. 42).  The magistrate judge concluded it was not proper for the court to evaluate the business judgment of the employer in determining "pretext to cover up a discriminatory motive."  <u>Id.</u>

Plaintiffs argue it was not cost-effective to eliminate two part-time positions for the creation of a single full-time position.  (Docket 61 at p. 7). "From a simple mathematical . . . standpoint . . . Godfrey was paying $72 a day in wages when [Mr. Nelson] and Meinen were employed.  Once Mr. Lindholm was hired full time, Godfrey was paying $104 a day in wages."  <u>Id.</u>

10

"There is also undisputed evidence that Meinen and Nelson, as part time employees, were not entitled to any additional compensation or benefits that the full time employee, Lindholm, was subsequently entitled."[7]  Id.

The court is required to "keep in mind that '[f]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions. . . . Rather, [the court's] inquiry is limited to whether the employer gave an honest explanation of its behavior.' "  Wilking v. County of Ramsey, 153 F.3d 869, 873 (8th Cir. 1998)[8] (citing Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 973 (8th Cir. 1994)).  In this process,

> [The] trial judge is allowed to decide on a motion for summary judgment that the evidence is insufficient for a reasonable trier of fact to infer discrimination even though the plaintiff may have created a factual dispute as to the issue of pretext. . . . To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false *and* that discrimination was the real reason. . . . This burden will not be met by simply showing that the reason advanced by the employer was false; rather, [the plaintiff] must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations. . . . Specifically, the plaintiff must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination.

---

[7]These additional benefits after one year include 50 percent of the employee's health insurance premium, employer contributions to the employee's 401(k), paid vacation, bonus pay, and holiday pay.  (Docket 61 at pp. 7-8) (internal citations omitted).  See also Docket 60 at p. 8 at n. 5.

[8]Typographical errors occur at pages 39 and 42 of the report in its citations to Wilking.  The report and recommendation is corrected consistent with this order.

Id. at 874 (internal citations and quotation marks omitted) (emphasis in original).

"It is true that the courts have no business telling [an employer] how to make personnel decisions, which may be objectively or subjectively based.  However, it is the essence of the fact-finder's duty in [a] . . . discrimination case to decide whether the employer's proffered reason for discharge was its actual motivation.  An employer cannot use the 'objective' nature of its proffered criteria for personnel decisions to insulate itself from skeptical inquiry by the trier of fact." Neufeld v. Searle Laboratories, 884 F.2d 335, 340 (8th Cir. 1989), abrogated on other grounds, Hazen Paper Co. v. Biggins, 507 U.S. 604, 615 (1993).  "[D]iscrimination under the pretext of a lawful business decision is still unlawful discrimination . . . ." Bradford v. Norfolk S. Corp., 54 F.3d 1412, 1418 (8th Cir. 1995) (referencing Neufeld, 884 F.2d at 340).

"[D]irect evidence required to shift the burden of proof is evidence of conduct or statements by persons involved in making the employment decision directly manifesting a discriminatory attitude, of a sufficient quantum and gravity that would allow the factfinder to conclude that attitude more likely than not was a motivating factor in the employment decision." E.E.O.C. v. Liberal R-II School District, 314 F.3d 920, 923 (8th Cir. 2002), abrogated on other grounds, Torgerson v. City of Rochester, 643

12

F.3d 1031 (8th Cir. 2011) (internal citation omitted).[9]  Plaintiffs "must present evidence showing a specific link between the discriminatory animus and the challenged decision."  Id. (internal citation omitted).

Evidence to support a substantial inference of discrimination includes the following:

- After Mr. Meinen was given a chair at his work station as an accommodation, "Dan Godfrey told him that he did not want him standing around all the time and he did not want him sitting like a 'bump on a log.' " (Docket 60 at p. 4, n. 1);

- Neither Dan Godfrey nor Mr. Vaughn told Mr. Meinen he was using the assistance of other employees inappropriately or excessively in comparison to other employees who worked the parts counter.  (Docket 30-4 at p. 13 (deposition at p. 43:7-16));

- Dan Godfrey never asked either Mr. Nelson or Mr. Meinen to adjust their part-time schedules to cover the lunch-hour time frame.  (Docket 61 at p. 9);

- Dan Godfrey did not discuss dividing the full day between Mr. Nelson and Mr. Meinen.  (Docket 60 at p. 8);

- The decision to terminate the part-time positions was made the very day Mr. Meinen called in sick.  Id.;

- Dan Godfrey told Mrs. Meinen that her husband "was 'too slow and that he couldn't have his other employees wasting their time helping' Mr. Meinen."  Id. at p. 9;

- Dan Godfrey told Mrs. Meinen that he could not create a job just to continue employing Mr. Meinen.  Id.; and

_____

[9]Torgerson overruled the holding in Liberal R-II School District and other panel decisions of the United States Court of Appeal for the Eighth Circuit which held that a special standard applied in summary judgment motions in discrimination cases.  Torgerson, 643 F.3d at 1043.

13

- Godfrey Brake never advised Mr. Meinen the part-time position was only temporary.  Id. at p. 22.

"An issue of material fact exists 'if a reasonable jury could return a verdict for the party opposing the motion.' "  Haigh v. Gelita USA, Inc., 632 F.3d 464, 468 (8th Cir. 2011) (internal quotation marks and citation omitted).  Direct evidence of discrimination "may include evidence of actions or remarks of the employer that reflect a discriminatory attitude."  Liberal R-II School District, 314 F.3d at 923 (internal citations omitted).  "[T]he direct evidence [must be] of a sufficient quantum and gravity that would allow the factfinder to conclude the attitude more likely than not was a motivating factor in the employment decision."  Id. (internal citation omitted).  Plaintiffs "must present evidence showing a specific link between the discriminatory animus and the challenged decision."  Id. (internal citation omitted).

"[M]ore substantial evidence of discrimination is required to prove pretext, because evidence of pretext is viewed in the light of [the employer's] legitimate, non-discriminatory explanation."  Jones v. United Parcel Service, Inc., 461 F.3d 982, 992 (8th Cir. 2006).  "To succeed at this stage . . . plaintiff[] must prove the prohibited reason was a determinative factor in [the employer's] decision . . . ."  Id.  "The falsity of a nondiscriminatory explanation may support a finding of pretext."  Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 794 (8th Cir. 2011) (referencing Loeb v. Best Buy Co., 537 F.3d 867, 873 (8th Cir. 2008)).

14

The court's "duty is to view the record in the light most favorable to the [plaintiff] while giving the [plaintiff] the benefit of all reasonable inferences." Liberal R-II School District, 314 F.3d at 923 (internal citations omitted).  Godfrey Brake's explanation that the only reason for elimination of the two part-time positions was economic must cause any reasonable trier-of-fact to raise an eyebrow and strongly question defendant's rationale. The economics of defendant's argument do not hold up.  The court cannot say whether Dan Godfrey's explanation is worthy of acceptance. Wilking, 153 F.3d at 873.

In order for a business decision to be worthy of acceptance under the business judgment rule, Dan Godfrey's credibility must be evaluated. Credibility determinations are not to be made by the court in a summary judgment proceeding.  "In ruling on a motion for summary judgment a court must not weigh evidence or make credibility determinations." Kenney v. Swift Transportation, Inc., 347 F.3d 1041, 1044 (8th Cir. 2003) (referencing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when she or] he is ruling on a motion for summary judgment . . . .").

For summary judgment purposes on the issue of pretext, the court finds plaintiffs have "offer[ed] sufficient evidence for a reasonable trier of fact

to infer discrimination." Wilking, 153 F.3d at 874. Plaintiffs' objection is sustained and the conclusions stated in the report and recommendation are modified consistent with this order.

      **2.**    **WHETHER MR. MEINEN MADE A POST-TERMINATION REQUEST FOR AN ACCOMMODATION WHICH REQUIRED DEFENDANT TO PARTICIPATE IN THE INTERACTIVE PROCESS REGARDING ADDITIONAL ACCOMMODATIONS**

The report and recommendation found "it was incumbent on Mr. Meinen to request anew reasonable accommodation at the time Dan Godfrey told him (told his wife) that it was terminating the two part-time positions. Mr. Meinen did not make an additional request for additional reasonable accommodation at this time, nor at any time after learning of his termination. This is fatal to his failure-to-accommodate claim." (Docket 60 at p. 35) (referencing Buboltz v. Residential Advantages, Inc., 523 F.3d 864, 870 (8th Cir. 2008), abrogated on other grounds, Torgerson, 643 F.3d at 1043 (en banc)); Russell v. TG Missouri Corp., 340 F.3d 735, 742 (8th Cir. 2003).

Plaintiffs object to this conclusion arguing the report and recommendation applies the wrong standard to Mr. Meinen's obligation to request additional accommodations after he was terminated. (Docket 61 at p. 11). "This is wrong. The Eighth Circuit has opined that requests for reasonable accommodations *after termination* are actually requests for reinstatement because ADA protections do not follow a person after

16

termination." Id. (referencing Johnson v. Otter Tail County, Minnesota, No. 00-3098, 2001 WL 664217 at *1 (8th Cir. May 14, 2001) (unpublished) (citing Mole v. Buckhorn Rubber Products, Inc., 165 F.3d 1212, 1218 (8th Cir. 1999) ("post-termination requests for accommodations are not properly viewed as requests for accommodations at all but, rather, as requests for reinstatement") and Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995) ("ADA protections cease after an employee is terminated"). (Docket 61 at p. 11).

Plaintiffs properly state the law. Mr. Meinen, through his wife, pleaded with Dan Godfrey to give him another chance to protect his part-time position. While her plea may not have been specific as to what further accommodations could be, or should be, made, her request that Dan Godfrey work with Mr. Meinen compelled Godfrey Brake to engage in the "interactive process." "Under the ADA, an employer must engage in an interactive process to identify potential accommodations that could overcome the employee's limitations." Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc., 439 F.3d 894, 902 (8th Cir. 2006). " '[T]he failure of an employer to engage in an interactive process to determine whether reasonable accommodations are possible is prima facie evidence that the employer may be acting in bad faith.' " Id. (citing Cravens v. Blue Cross and Blue Shield of Kansas City, 214 F.3d 1011, 1021 (8th Cir. 2000) (quoting Fjellestad, 188 F.3d at 952).

17

It is undisputed Mr. Meinen was disabled, had requested accommodations in the past and Godfrey Brake previously adopted those accommodations.  Id.  But it is also evident for summary judgment purposes that Dan Godfrey refused to listen to Mrs. Meinen's requests for further accommodations and did not engage in an interactive process with Mr. Meinen to determine if further accommodations were available which would preserve his employment.  Finally, for summary judgment purposes, it is evident Mr. Meinen "could have been reasonably accommodated but for [Godfrey Brake's] lack of good faith."  Id.  Mr. Meinen was performing appropriately in the part-time position and there is no reason to believe he would not have been able to continue to perform in that capacity.[10]

---

[10]The question of Godfrey Brake's authority to change the part-time position to a full-time position is not properly before the court at this juncture because of defendant's failure to satisfy its obligation of showing an "undue burden" on the business by continuing the part-time parts counter positions. At trial, if Godfrey Brake satisfies that burden of proof, then the issue of accommodation and interactive process may be moot because of Mr. Meinen's admitted inability to work an eight-hour day, five days a week.  Mr. Meinen testified he "could not work more than four hours per day or twenty hours per week." (Docket 60 at p. 5).  Mr. Meinen told Dan Godfrey these hours were appropriate because of the effect of fatigue upon Mr. Meinen if he worked more hours, either per day or per week.  (Docket 30-4 at p. 10 (deposition at pp. 32:13-33:24)).  Dan Godfrey testified Mr. Meinen also did not want to work more than these hours as it may affect his disability benefits.  (Docket 60 at p. 41).  See also Docket 30-2 at p. 21 (deposition at pp. 72:21-74:2).  Mr. Meinen did not deny his potential loss of disability benefits.  The report and recommendation concluded "that Mr. Meinen is not qualified to perform the essential functions of the full-time position."  (Docket 60 at p. 30).

Plaintiffs' objection is sustained and the conclusions stated in the report and recommendation are modified consistent with this order.

### 3.  WHETHER PLAINTIFFS' CONVERSION CLAIM REMAINS VIABLE

The report and recommendation concluded Mr. Meinen "has simply not provided proof that the reason his computer does not work . . . is because Mr. Vaughn sat the computer down proximate to a snow bank.  No evidence or opinion is offered regarding the effect of water on the exterior of a computer."  (Docket 60 at p. 59).  Plaintiffs object to this conclusion.  (Docket 61 at p. 13).  "Plaintiffs submit it is more proper for a jury to conclude what the causation of the damage is to the computer, not whether or not the court can find multiple other reasons for the cause to [sic] the damage."  Id.

"[T]he burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof.  Instead, as we have explained, the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  "Where the party moving for summary judgment does not bear the burden of proof at trial, that party must demonstrate 'that there is an absence of evidence to

19

support the non-moving party's case.' " Buck v. F.D.I.C., 75 F.3d 1285,

1289 (8th Cir. 1996) (citing Celotex, 477 U.S. at 325). "If the moving party

satisfies this requirement, the burden shifts to the nonmovant who 'must

set forth specific facts showing that there is a genuine issue for trial.' " Id.

(citing Anderson, 477 U.S. at 248). Plaintiffs fail to meet their burden of

proof in summary judgment "because the jury would . . . be[ ] forced to

speculate as to the cause of the [damage], and therefore, summary

judgment [is] appropriate." Franklin v. American Medical Systems, Inc., 12

F.3d 1102 at *1 (8th Cir. Dec. 8, 1993) (table, unpublished).

The court adopts the conclusion of the report and recommendation

that "[n]either party offers an explanation as to why or how the computer

came to be inoperable." (Docket 60 at p. 56). To support their claim of

conversion, the burden is upon plaintiffs to present some evidence (1) that

the computer was exposed to snow (and water) as a cause of any damage to

the computer; (2) what damage occurred to the computer; and (3) how did

that damage occur. Plaintiffs fail to present any evidence of a connection

between exposure to water and the computer not working. The court is not

required to speculate about the possible connection between the computer

not working and its exterior shell having been exposed to water. Anderson,

477 U.S. at 248.

Plaintiffs' objection is overruled.

## ORDER

Based on the above analysis, it is hereby

20

ORDERED that plaintiffs' objections (Docket 61) are granted in part and denied in part consistent with this order.

IT IS FURTHER ORDERED that the report and recommendation (Docket 60) is adopted in part, modified in part, and rejected in part consistent with this order.

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment (Docket 28) is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 36) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 36), as to plaintiffs' Americans with Disabilities Act claim is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 36), as to plaintiffs' intentional infliction of emotional distress claim is granted.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 36) as to plaintiffs' claim of conversion is granted.

Dated September 24, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

21